**HALLORAN FARKAS + KITTILA LLP**

Michael J. Halloran, Esq.
mh@hfk.law
2225 East Bayshore Road
Suite 200
Palo Alto, California 94303
**Ph. 415/307-4124** | Fax: 302/257-2019
L. Peter Farkas, Esq.
pf@hfk.law
1101 30th Street, NW, Suite 500
Washington, DC 20007-3772
**Ph. 202/559-1700** | Fax: 302/257-2019

HARBIN & HEIN, PLLC
Lawrence Harbin, Esq.
larry.harbin@verizon.net
901 E Street SE
Washington DC 20003
**Ph. 202/543-7600** | Fax: 202/543-9230

*Counsel for Plaintiff and Counter Defendant Twin Rivers Engineering, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIN RIVERS ENGINEERING, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIELDPIECE INSTRUMENTS, INC., and CHY FIREMATE CO., LTD., <br> Defendants. | CASE NO.: 2:16-cv-04502 MLH (MRW) <br> HON. MARILYN L. HUFF <br><br> PLAINTIFF TWIN RIVERS ENGINEERING, INC.'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE ADDITIONAL OR NEW EVIDENCE REGARDING PLAINTIFF'S DAMAGES <br><br> Trial Date:  May 30, 2018 <br> Time:  9:00 a.m. <br> Place:  Santa Ana |

Plaintiff Twin Rivers Engineering, Inc. ("TRE" or "Plaintiff") submits this opposition to Defendants' Motion *In Limine* No. 2 to Exclude Additional or New Evidence Regarding Plaintiff's Damages.

In their motion, Defendants argue that the Court should "restrict Plaintiff to the damages-related evidence in the record as Plaintiff's Answer to Defendant CHY's Interrogatory No. 13." Doc. 380 at 1. Defendants argue that TRE should be limited to one interrogatory answer as evidence of damages as a sanction for alleged discovery abuses. Such sanctions are not warranted and TRE should be allowed to refer to the entire record and elicit testimony from fact witnesses relevant to the *Georgia-Pacific* factors for determining damages in the form of a reasonable royalty.

Moreover, a motion *in limine* seeking discovery sanctions or re-hashing a summary judgment motion is improper. In *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093 (C.D. Cal. 2012), the district court listed "examples of improper reasons for motions in limine," including using them "[a]s a substitute for motions to compel discovery or for discovery sanctions that should have been brought earlier" and "[a]s a substitute for summary judgment." Here, Defendants seek discovery sanctions under Federal Rule of Civil Procedure 37 that should have been brought earlier. In addition, Defendants are again seeking to limit TRE's damages

after having done so in their motions for summary judgment.  Both purposes are improper and the motion should be denied for those reasons alone.

In any event, damages evidence should not be excluded.  In *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, 2017 U.S. Dist. LEXIS 217136, at *20 (C.D. Cal. Oct. 6, 2017), the defendant filed a motion *in limine* "to preclude [the plaintiff] from presenting testimony at trial from any witness regarding a possible reasonable royalty as a measure of damages."  The defendant complained that the plaintiff failed to submit an expert report on reasonable royalty and that "throughout discovery, [the plaintiff] failed to provide answers regarding a possible reasonable royalty or a computation of a reasonable royalty."  *Id.*  The Court agreed with the plaintiff that "expert testimony is not required to prove a reasonable royalty" and found "that any evidence that [the plaintiff] has previously disclosed to [the defendant] which would support an award of reasonable royalties … is admissible."  *Id.* at *22; *see* TRE's response to Interrogatory No. 15 (Ex. 1) (identifying a multitude of documents upon which TRE will rely to support its claim for damages and reasonable royalties).  The court thus denied the motion *in limine*.

Here, Defendants argue that TRE "has failed to provide any damages analysis other than that which it provided in response to CHY's Interrogatory No. 13 and its claim to the Court that it could 'prove damages in the range of $50 million.'"  In

*Deckers*, 2017 U.S. Dist. LEXIS 217136, at *21, the court stated "a reasonable royalty is mandated by law upon a finding of patent infringement. Section 284 states, '[u]pon a finding for the claimant the court shall award the claimant damages adequate to compensate the infringement, ***but in no event less than a reasonable royalty***….'" (quoting 35 U.S.C. § 284) (emphasis in *Deckers*). "This section requires courts to award at least a reasonable royalty 'even if the plaintiff has no evidence to proffer.'" *Kaneka Corp. v. SKC Kolon PI, Inc.*, 2015 WL 12696109, at *3 (C.D. Cal. Nov. 5, 2015) (citing *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2010). "Thus, even when a patentee provides no evidence concerning a reasonable royalty 'the district court should consider the *Georgia-Pacific* factors… and award such reasonable royalties as the record evidence will support.'" *Info-Hold*, 783 F.3d at 1372 (quoting *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370 (Fed. Cir. 2003)) (internal quotations omitted)). Thus, all record evidence should be admissible in assessing damages.

Accordingly, Defendants' Motion *In Limine* No. 2 should be denied, TRE should be allowed to elicit testimony from fact witnesses regarding TRE's damages, and TRE should be allowed to rely on any evidence in the record to prove damages.

Dated:  May 11, 2018                              Respectfully submitted,


                                        By:   /s/ L. Peter Farkas_____
                                        L. Peter Farkas, Esq.
                                        pf@hfk.law
                                        Halloran Farkas + Kittila LLP
                                        1101 30th Street  NW
                                        Washington, D.C. 20007
                                        **Ph. 202/559-1700** | Fax: 302/257-2019

                                        Lawrence Harbin, Esq.
                                        larry.harbin@verizon.net
                                        901 E Street SE
                                        Washington, D.C. 20003
                                        **Ph. 202/543-7600** | Fax: 202/543-9230

*Counsel for Plaintiff and Counter Defendant Twin Rivers Engineering, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

HUESTON HENNIGAN, LLP
Michael A Behrens, Esq.
*mbehrens@hueston.com*
Alexander C.D. Giza, Esq.
*agiza@hueston.com*
523 West Sixth Street, Suite 400
Los Angeles California 90014-1208

213/788-4340  |  Fax: 888/775-0898


BUETHER JOE & CARPENTER, LLC
Eric W. Buether, Esq.
*eric.buether@bjciplaw.com*
Niknaz Bukovcan, Esq.

4

*niky.bukovcan@bjciplaw.com*
Brian Andrew Carpenter, Esq.
*brian.carpenter@bjciplaw.com*
Christopher M. Joe, Esq.
*chris.joe@bjciplaw.com*
Kenneth P. Kula, Esq.
*ken.kula@bjciplaw.com*

Michael David Ricketts, Esq.
*mickey.ricketts@bjciplaw.com*
1700 Pacific Ave., Suite 4750
Dallas, Texas  75201-7357

214/466-1270  |  Fax: 214/635-1842

*Counsel for Defendant and Counter Claimant Fieldpiece Instruments, Inc. and Defendant CHY Firemate Co., Ltd.*

HALLORAN FARKAS + KITTILA LLP
L. Peter Farkas, Esq.
*pf@hfk.law*
1101 30th Street, NW
Washington, DC  20007

202/559-1700  |  Fax: 302/257-2019

*Counsel for Plaintiff and Counter Defendant Twin Rivers Engineering, Inc.*


/s/ *L. Peter Farkas*