UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIN RIVERS ENGINEERING, INC., <br><br>Plaintiff, <br><br>v. <br><br>FIELDPIECE INSTRUMENTS, INC.; and CHY FIREMATE CO., LTD., <br><br>Defendants. | Case No.: 2:16-cv-04502-MLH (MRWx) <br><br>**ORDER:** <br><br>**(1) ORDER TO SHOW CAUSE WHY DEFENDANTS' COUNTERCLAIMS FOR *QUANTUM MERUIT* AND PROMISSORY ESTOPPEL SHOULD NOT BE DISMISSED; AND** <br><br>**(2) ORDER RE: PROPOSED JURY INSTRUCTIONS** |

On April 24, 2018, the Court issued an order on the parties' cross-motions for summary judgment. (Doc. No. 368.) In the order, the Court granted summary judgment in favor of Plaintiff and against Defendant CHY on CHY's breach of contract counterclaim on the grounds that the counterclaim is barred by the applicable four-year statute of limitations, Tex. Bus. & Com. Code § 2.725. (Doc. No. 368 at 32-34, 37.)

On May 20, 2018, Plaintiff submitted the parties' proposed pretrial order to the Court's e-file inbox.[1] In their proposed pretrial order, the parties note that there is a dispute

---

[1] The Court notes that the proposed pretrial order was untimely.

1

as to whether Defendants' counterclaims for *quantum meruit* and promissory estoppel should be included in the pretrial order. In light of this, the Court orders Defendants to show cause as to why their counterclaims for *quantum meruit* and promissory estoppel should not be dismissed in light of the holdings set forth in the Court's April 24, 2018 summary judgment order. See Pepi Corp. v. Galliford, 254 S.W.3d 457, 461 (Tex. App. 2007) (holding that *quantum meruit* claims are governed by a four-year statute of limitations); Iron Mountain Bison Ranch, Inc. v. Easley Trailer Mfg., Inc., 42 S.W.3d 149, 160 (Tex. App. 2000) ("Generally, a party may recover under *quantum meruit* only if no express contract covers the services or materials furnished."); Prestige Ford Garland Ltd. P'ship v. Morales, 336 S.W.3d 833, 836 (Tex. App. 2011) ("A promissory estoppel cause of action is governed by a four-year statute of limitations.").

The parties should be prepared to discuss the potential dismissal of these counterclaims at the May 24, 2018 pretrial conference. In addition, the parties should be prepared to discuss at the pretrial conference, in the event that the counterclaims remain in the action, whether the counterclaims should be severed from the jury trial set to begin on May 29, 2018.

In addition, the Court notes that along with the proposed pretrial order, Defendants submitted their proposed jury instructions to the Court's e-file inbox. This submission did not comply with the Court's April 26, 2018 amended scheduling order. (Doc. No. 372.) That scheduling order provides as follows:

> The Court orders the parties to file proposed jury instructions on or before **May 29, 2018**. Copies of the jury instructions are to be filed with the Court's Case Management/Electronic Case Filing ("CM/ECF") system. Additionally, the Court orders the parties to send to chambers via the Court's e-file e-mail address a clean copy of the requested jury instructions with "Court's Instruction No. _____" behind each annotated instruction. The clean instructions must be sent to chambers by May 29, 2018. The clean instructions must be on pleading paper in Times New Roman, 14-point font, must be double-spaced, and must not have any header, footer, or page numbers. Further, the clean instructions must be fully completed and in a format that could be read to the jury if adopted by the Court. The parties must

> remove any brackets, fill in blanks, and make the necessary selections where applicable to any model instructions.

(Doc. No. 372 at 5.) Defendants' submission of their proposed jury instructions did not comply with the above paragraph because the proposed jury instruction were submitted to the Court's e-file inbox rather than filed on the docket via the Court's CM/ECF system, and Defendants did not submit the required "clean copy" of the proposed jury instructions to the Court's efile inbox. The Court reminds the parties that they are expected to know and follow the procedures and deadlines set forth in the Court's April 26, 2018 amended scheduling order.

**IT IS SO ORDERED.**

DATED: May 21, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT