JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIN RIVERS ENGINEERING, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIELDPIECE INSTRUMENTS, INC.; and CHY FIREMATE CO., LTD., <br><br> Defendants. | Case No.: 2:16-cv-04502-MLH (MRWx) <br><br> **JUDGMENT** |

On May 29, 2018, the action came before the Court for a jury trial with the Honorable Marilyn L. Huff presiding. (Doc. No. 446.) L. Peter Farkas and Lawrence Harbin appeared for Plaintiff Twin Rivers Engineering, Inc. Kenneth P. Kula, Niky B. Bagley, and Christopher M. Joe appeared for Defendants Fieldpiece Instruments, Inc. and CHY Firemate Co., Ltd.

The jury issues have been tried, and on June 1, 2018, the jury rendered its unanimous verdict on the following questions:

///

///

///

1

2:16-cv-04502-MLH (MRWx)

# FINDINGS ON INFRINGEMENT CLAIMS

**A. Direct Infringement**

    1. Has plaintiff proven that it is more likely than not that every requirement of claim 7 of its patent is included in the accused products?

    **The jury answered: No.**

**B. Infringement Under the Doctrine of Equivalents**

    2. Has plaintiff proven that it is more likely than not that the accused products include parts that are identical or equivalent to every requirement of claim 7 of plaintiffs patent? In other words, for any requirement that is not literally found in the accused products, do each of the accused products have an equivalent part to that requirement?

    **The jury answered: No.**

**E. Willful Infringement**

    3. Has the plaintiff proven that it is more likely than not that the defendants actually knew, or it was so obvious that defendants should have known, that its actions constituted infringement of a valid and enforceable patent at the time when infringement began?

    **The jury answered: No.**

# FINDINGS ON INVALIDITY DEFENSES

**A. Obviousness**

    4. Do you find that Fieldpiece or CHY have proven, by clear and convincing evidence, that Claim 7 of the '993 Patent is invalid because the claimed invention as a whole would have been obvious to a person of ordinary skill in the art?

    **The jury answered: No.**

**B. Written Description Requirement**

    5. Do you find that Fieldpiece or CHY have proven by clear and convincing evidence that Claim 7 of the '993 Patent is invalid for lack of an adequate written description?

**The jury answered: No.**

(Doc. No. 457, 459.)

Accordingly, pursuant to the jury's findings, the Court enters judgment in favor of Defendants and against Plaintiff on Plaintiff's claim for infringement of claim 7 of the '993 patent.

The Court previously issued an order on the parties' cross-motions for summary judgment on April 24, 2018. (Doc. No. 368.) In the order:

1. the Court granted summary judgment in favor of Defendants and against Plaintiff with respect to: (1) Plaintiff's claim for false marking under 35 U.S.C. § 292; (2) Plaintiff's claim for unfair competition under section 43(a) of the Lanham Act; and (3) Plaintiff's antitrust claim for *per se* unlawful concerted refusal to deal under 15 U.S.C. § 1;

2. the Court granted summary adjudication in favor of Defendants and against Plaintiff on Plaintiff's claim for infringement of claims 2, 3, 6, and 9 of the '993 patent; and

3. the Court granted summary judgment in favor of Plaintiff and against Defendant CHY on CHY's breach of contract counterclaim. (Id. at 37.) In addition, on June 5, 2018, the Court entered judgment in favor of Plaintiff and against Defendant CHY on CHY's promissory estoppel and *quantum meruit* counterclaims.

**IT IS SO ORDERED.**

DATED: June 5, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT